EDMUND B. KURSHEEDT ET AL. v. STANDARD BLEACH-
ERY COMPANY ET AL.

Argued June 3, 1908—Decided November 9, 1908.

On an application for a new trial on the ground of newly-discovered evidence, if it appears that testimony has in fact been discovered since the former trial, which, by the use of reasonable diligence, could not then have been obtained, and that such testimony is material to the issue, goes to the merits of the case, and is not cumulative, the application will be granted.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCH-ARD and MINTURN.

For the plaintiffs, *Chauncey G. Parker* and *Francis H. Kinnicutt.*

For the defendants, *John M. Bell.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiffs were in the business of making aprons from bleached goods called "lawn" and bought the goods unbleached "in the gray," as it is called, and at different times between January 1st, 1905, and May, 1907, sent such goods, amounting to three million one hundred and fifty-nine thousand eight hundred and seventy-three yards to the defendants' bleachery to be bleached.

The plaintiffs' claim was that the process of bleaching caused a stretch or increase in the goods bleached, amounting to at least one per cent. of the yardage, and that, by the contract between the parties, the plaintiffs were entitled to this stretch, and, notwithstanding the plaintiffs' rights, the defendants had appropriated the stretch to their own use.

The defence seems to have been a denial that the goods had been stretched by the bleaching in the defendants' works.

The jury found a verdict for the defendants, whereupon the plaintiffs obtained a rule to show cause why a new trial should not be granted on the grounds, among others, of newly-discovered evidence, and that the verdict was contrary to the weight of the evidence.

Reviewing the evidence before the jury, it appears that there was no substantial dispute that, under the contract between the parties, the plaintiffs were entitled to the stretch, if any, that arose from bleaching.

To sustain the verdict for the defendants the jury must have been able to properly find from the evidence that the plaintiffs failed to show that the goods were stretched and that the stretch was appropriated as claimed.

With respect to this question we are in such doubt that we cannot say that the verdict is so clearly against the weight of the evidence as to justify us in disturbing it on that ground.

Coming now to the new evidence, taken under the rule, we observe that it is of three kinds:

*First.* That relating to the "count" or the number of threads to the inch in the lawns bleached for the plaintiffs by the defendants.

*Second.* That relating to the "Northrup Loom."

*Third.* Direct evidence given by certain former employes of the defendants as to the stretch or "overs" which was obtained at the works of the Standard bleachery, and what was done with it.

It is unnecessary to state with greater particularity this evidence. It is sufficient to say that much, if not all, of it has, in fact, been discovered since the former trial; that, by the use of reasonable diligence, it could not have been then obtained; that it is material to the issue and goes to the merits of the case and is not cumulative. Under these circumstances the motion for a new trial ought not to be denied. *Dundee Manufacturing Co.* v. *Van Riper,* 4 *Vroom* 152.

Let the rule to show cause be made absolute.